Tracy L. Riley, Esquire
Attorney ID 006862008
Michael E. Riley, Esquire
Attorney ID 007511976
LAW OFFICES OF RILEY & RILEY
2 Eves Drive, Suite 109
Marlton, New Jersey  08053
(609) 914-0300
Attorneys for Plaintiff

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | | |
|---|---|---|
| LINDA VALERI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | **COMPLAINT AND JURY DEMAND** |
| TOWNSHIP OF TOMS RIVER; TOMS | : | |
| RIVER TOWNSHIP SENIOR CENTER; | : | |
| LOUIS AMORUSO; JOANN BENSON; | : | |
| JOHN DOES 1 – 10; and JANE DOES | : | |
| 1-10, | : | |
| | : | |
| Defendants. | : | |

Plaintiff, LINDA VALERI, by and through her attorneys, Law Offices of Riley & Riley,

by way of Complaint against the defendants, both jointly and severally, respectfully states

as follows:

### PARTIES

1.      Plaintiff, Linda Valeri is a resident of Ocean County, New Jersey and an

employee of the defendant.

1

2.      Defendant, Township of Toms River, is a municipality chartered by the State of New Jersey and is located at 33 Washington Street, Toms River, New Jersey.

3.      Defendant, Toms River Township Senior Center, upon information and belief, is a business entity located at 652 Garfield Avenue, Toms River, New Jersey.

4.      Defendant, Louis Amoruso is the Business Administrator for the Township of Toms River, Ocean County, New Jersey.  Defendant Amoruso is sued individually and in his official capacity.

5.      Defendant, JoAnn Benson is the Director of Senior Services at the Toms River Township Senior Center, Ocean County, New Jersey.  Defendant Benson is sued individually and in her official capacity.

## JURISDICTION AND VENUE

6.      Each and all acts of defendants were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of New Jersey, the County of Ocean and the Township of Toms River.

7.      The incidents which give rise to this cause of action occurred within this jurisdiction and within one year of the filing of this Complaint.

8.      Venue is proper pursuant to 28 U.S.C. §1391, as all the defendants are residents of this district and/or all the acts or omissions which give rise to this cause of action occurred within this district.

9.      Jurisdiction is proper pursuant to federal question jurisdiction, 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3)(4) and 42 U.S.C. §1983.  Plaintiff further invokes the pendent

2

and supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

10.     Plaintiff, Linda Valeri has been employed by the Township of Toms River since December 1, 2006.

11.     Plaintiff has held various positions while working for the Township of Toms River including the Mayor's Personal Assistant, Business Administrator Secretary, Public Information Officer, and Legal Secretary.

12.     At all times relevant herein, the Plaintiff has performed her duties up to or beyond the reasonable expectations of her employer.

13.     In November 2020, Plaintiff was transferred from being the Defendant, Louis Amoruso's Secretary to the position of Office Manager at the Toms River Township Senior Center.

14.     When Plaintiff Valeri was transferred to the Defendant, Toms River Township Senior Center, she was advised by the Business Administrator, Defendant Louis Amoruso that her salary would remain the same and nothing would change her employment except she would now be in the Supervisor's Union.

15.     As of December 15, 2019, Plaintiff Valeri's base salary was $62,180.08.

16.     However, despite the representation of the Defendant, Louis Amoruso after transferring to the Defendant, Toms River Township Senior Center, Plaintiff's base pay was reduced to $61,028.00.

17.     Defendant, JoAnn Benson became Plaintiff's immediate supervisor when she transferred to the Toms River Township Senior Center.

18.     Plaintiff, Linda Valeri applied for intermittent leave under the Family and Medical Leave Act (FMLA) and the NJ Family Leave Act (NJFLA).

19.     On or about January 27, 2021, Plaintiff, Linda Valeri went to Defendant, Louis Amoruso to complain about the hostile work environment that she was experiencing.

20.     On or about January 27, 2021, Plaintiff, Valeri encountered other township employees when she arrived at the township administration building to see the Business Administrator, Defendant Amoruso.

21.     When meeting with the Business Administrator, Defendant Amoruso, the Plaintiff was visibly upset, crying and shaking due to the treatment that she began experiencing at the hands of managerial staff person, Defendant, JoAnn Benson.

22.     Plaintiff Valeri reported to Defendant Amoruso the harassing and degrading behavior that Defendant Benson was subjecting the Plaintiff to.

23.     An example provided by Plaintiff Valeri to Defendant Amoruso was that Defendant Benson was calling her while working from home during COVID.

24.     Defendant Benson had Plaintiff's desk computer on at the senior center and alleged to have been watching what Plaintiff was doing and Defendant Benson was yelling at the Plaintiff because her computer screen was "not constantly moving".

25.     After expressing to Defendant Amoruso the hostile work environment that Plaintiff was constantly being subjected to, he wanted to "smooth it over".

26.     Despite the complaint made by the Plaintiff, no action was taken by the Business Administrator, Defendant, Amoruso.

4

27.     On February 19, 2021, the Plaintiff was notified the Defendant, Township of Toms River approved her intermittent leave under FMLA and NJ Family Leave Act effective February 22, 2021.  (Exhibit A)

28.     Less than one month after receiving Defendant, Township of Toms River letter of approval of Plaintiff's intermittent leave on March 9, 2021, Defendant, JoAnn Benson locked Plaintiff in her office and began yelling and badgering Linda Valeri.

29.     On or about April 7, 2021, Defendant, JoAnn Benson discussed with Township of Toms River employees, Township of Toms River elected officials and outside individuals the basis for Plaintiffs intermittent family leave.

30.     On or about April 7, 2021, Defendant, JoAnn Benson discussed with Township of Toms River employees, Township of Toms River elected officials and outside individuals that Plaintiff is "never there", "why did Louis Amoruso send Linda to her", "she doesn't know what she is doing".

31.     Despite the disclosure of confidential information and multiple confrontations with Plaintiff, Valeri the Defendant, JoAnn Benson was not finished demeaning and belittling the Plaintiff.

32.     On or about April 28, 2021, Plaintiff, Linda Valeri was told by multiple employees of the senior center, that Defendant, JoAnn Benson referred to the Plaintiff as the former Mayor's "Pussy Posse".

33.     On or about May 19, 2021, Plaintiff, Linda Valeri was utilizing intermittent leave and extending her lunch break as permitted.  Upon Plaintiff's return, Defendant JoAnn Benson was extremely aggressive and hostile.  Defendant, Benson rushed up very closely to Plaintiff and in a derogatory and demeaning manner asked Plaintiff, "Did you get lost".

5

34.     On or about May 27, 2021, it was brought to Plaintiff's attention by a township employee, that Defendant, JoAnn Benson used a Township of Toms River computer to pull up pictures of Plaintiff, Linda Valeri from a social media account.

35.     On or about May 27, 2021, it was brought to Plaintiffs attention by a township employee, that Defendant, JoAnn Benson not only referred to the Plaintiff as being a part of the "Pussy Posse",  but she was actually "The Head of the Pussy Posse".

36.     Upon information and belief, the Defendant, JoAnn Benson must have identified other female employees of the Defendant, Township of Toms River that are part of the "Pussy Posse" since she alleges Plaintiff is "The Head of the Pussy Posse".

37.     On or about May 27, 2021, it was brought to Plaintiffs attention by a township employee, that Defendant, JoAnn Benson told Joanne Flanagan, a then township employee that "she saved her" because she stopped the Plaintiff, Linda Valeri from "getting her claws" into Ms. Flanagan's boyfriend, Frank B. Holman, III, the current Republican Chair of Ocean County.

38.     On or about May 27, 2021, it was brought to Plaintiffs attention by a township employee, that Defendant, JoAnn Benson was commenting in a derogatory manner extensively on how Plaintiff Valeri dressed.

39.     On or about July 6, 2021, Plaintiff was walking into the Toms River Senior Center building to report for work prior to her start time.

40.     While walking into the building, Plaintiff encountered a young public works employee and said good morning.

41.     While approaching the front door of the building, the door flew open, and Defendant Benson came running out yelling and screaming at the Plaintiff that "I have to

6

get in here" and "we are very busy" despite the fact that it wasn't even time for her to start work yet.

42.     After Plaintiff punched in on time for work, Defendant Benson followed the Plaintiff into her office and continued to yell, belittle and humiliate the Plaintiff.

43.     Plaintiff Valeri continued to experience hostility from Defendant Benson.  She was continuously harassed and belittled in front of her co-workers and other township employees.

44.     On or about July 19, 2021, Plaintiff Valeri walked into work and Defendant Benson immediately began to follow Plaintiff over to her desk and began to badger her.

45.     The allegations that Defendant Benson was badgering and harassing Plaintiff Valeri over had to do with an error made by another senior center employee.

46.     The repeated behavior and statements of Defendant, JoAnn Benson  was harassing, belittling, abusive, condescending, and hostile.

47.     Defendant, Joanne Benson on several occasions, used graphic sexual terms to describe Plaintiff Valeri to Toms River Township Senior Center Employees and Township of Toms River Employees.

48.     Defendant, JoAnn Benson referred to the Plaintiff as being a part of the former mayor's "pussy posse".

49.     Plaintiff is a female that was subjected to harassment because of her gender and her age.

50.     The harassment that Plaintiff was subjected to was severe and/or pervasive.

51.     The harassment was such that a reasonable person in the same or similar circumstances would have found the work environment to become hostile and/or intimidating and/or abusive.

52.     Defendant Toms River Township Senior Center and Defendant Toms River Township accepts donations from members of the community.

53.     Defendant Toms River Township Senior Center and Defendant Toms River Township has donation boxes physically located on the senior buses and at the senior center.

54.     The cash from these donations are kept and maintained by Defendant, JoAnn Benson.

55.     Upon information and belief, Defendant, JoAnn Benson has failed to make weekly deposits of these cash donations as required by the Defendant Township of Toms River.

56.     Upon information and belief, Defendant, JoAnn Benson has failed to keep an accounting of all donations.

57.     Upon information and belief, Defendant, JoAnn Benson has used funds from these cash donations without prior authorization to avoid the purchase order process.

58.     Mayor, Maurice Hill asked Defendant, JoAnn Benson to host a question-and-answer session at the Toms River Senior Center for the former gubernatorial candidate, Jack Ciattarelli.  (Exhibit E)

59.     During this question-and-answer event, Plaintiff, Linda Valeri was directed by Defendant, Benson to stop what she was working on to go and see if certain individuals

were present at the event including but not limited to Geraldine Ambrosio due to her political associations.

60.     Upon information and belief, Defendant, JoAnn Benson used cash donations for the event in which former gubernatorial candidate, Jack Ciattarelli appeared at the Defendant, Toms River Senior Center.

61.     On or about July 21, 2021, Plaintiff, Linda Valeri met with Defendant, Louis Amoruso, Business Administrator.

62.     During this meeting, Plaintiff, Linda Valeri advised the Defendant, Louis Amoruso the information outlined above.

63.     Plaintiff provided Defendant Amoruso with a document dated July 20, 2020 in which she outlined some of the issues with Defendant, JoAnn Benson.

64.     Despite being the Business Administrator for Defendant, Township of Toms River, Defendant Amoruso stated that he would not receive it as a township complaint and asked that Plaintiff not submit it.

65.     At this point, Plaintiff Valeri believed that Defendant Amoruso was not taking the complaint seriously. Plaintiff then advised Defendant Amoruso about the cash donations, the lack of depositing of the cash donations, the lack of accounting of the cash and how they funds were being used.

66.     After the meeting on July 21, 2021, Plaintiff was instructed to take off July 22, 2021 as an "administrative" day after witnessing how upset she was.

67.     In an undated letter from Defendant, Amoruso he stated, "This notice is intended to inform you  that your complaint against your supervisor, JoAnn Benson has

9

been received by the Division of Personnel, alleging hostile work environment and various improper behaviors on diverse dates." (Exhibit B)

68. After Plaintiff made the complaint directly to Defendant, Louis Amoruso, Plaintiff was advised that she was to temporarily report to the Recreation Department. (Exhibit B)

69. On August 9, 2021, Plaintiff, Linda Valeri was advised by Tara Lewczak, Personnel Division Manager, that her complaint had been turned over to outside labor counsel, Brian Wilkie, Esquire. (Exhibit C)

70. On or about August 27, 2021, Plaintiff Linda Valeri participated in a telephone interview with Brian Wilkie, Esquire.

71. The Plaintiff was not asked during the telephone interview, anything about the cash donations received through the Defendant, Toms River Senior Center.

72. The Plaintiff was not asked during the telephone interview, how the cash donations were being deposited or used by Defendant, Benson.

73. The Plaintiff provided outside counsel with a list of witnesses that had made observations and had information as to all of her allegations regarding Defendant, Benson.

74. Upon information and belief, none of the witnesses identified by the Plaintiff were contacted for a statement.

75. Upon information and belief, none of the witnesses identified by the Plaintiff were interviewed.

76. On September 14, 2021, Tara Lewczak, Personnel Division Manager for the Defendant, Township of Toms River contacted Plaintiff via cellphone at the direction of Business Administrator, Defendant, Louis Amoruso.

10

77.     During the telephone conversation with Ms. Lewczak, she advised Plaintiff that Defendant Amoruso asked her to contact Plaintiff to see if she would drop her case against Defendant, JoAnn Benson in exchange for being moved permanently to the Recreation Department.

78.     On September 15, 2021, Plaintiff called Ms. Lewczak back and advised her that she would need to meet with the Defendant, Louis Amoruso to discuss any details he was proposing on behalf of the Defendant, Township of Toms River.

79.     On September 20, 2021, Ms. Lewczak contacted Plaintiff again on behalf of the Defendant, Louis Amoruso.

80.     The message relayed to Plaintiff by the Defendant Amoruso was simply, "forget it".

81.     On October 28, 2021, Plaintiff, Linda Valeri received a letter from Tara Lewczak, Personnel Division Manager for the Defendant, Township of Toms River advising, "Your allegations are sustained".  (Exhibit D)

82.     Upon information and belief, the only allegations that were sustained had to do with Defendant Bensons "Pussy Posse" comments.

83.     Based on the report prepared by outside counsel, "Ms. Benson freely acknowledged that she had referred to Ms. Valeri in context to a "pussy posse," but similar to Ms. Valeri, advised it had only been done in the presence of third parties and not ever stated directly to or while in Ms. Valeri's company."

84.     Based on the report prepared by outside counsel, "In the course of her interview, Ms. Benson made a concerning statement that should be brought to the attention of Township Administration; to wit:  "I prefer to hire men.""

11

85.     The responses of Defendant, Benson demonstrate the very discrimination Plaintiff has been subjected to.

86.     Despite the discriminatory behavior admitted by Defendant, Benson, outside counsel recommended a written reprimand; additional training / education in context to a hostile work environment; and a period of suspension in comport with the policies and procedures of Toms River Township.

87.     Upon information and belief, Defendant, Township of Toms River failed to take any of the recommendations made despite the sustained findings.

88.     Defendant, JoAnn Benson has a history of  harassing another younger female employee at the Defendant, Toms River Township Senior Center.

89.     Defendant, JoAnn Benson's behavior resulted in at least one other civil complaint being filed in Ocean County Superior Court, docket number OCN-L-00080-20 in which Defendant Benson discussed medical information with co-workers and was discriminatory to a younger, female employee.

90.     Despite Defendant, JoAnn Benson's discriminatory history, once again it was the Plaintiff, the victim of the discrimination, that was "temporarily relocated".

91.     Again, Defendant, Louis Amoruso represented in his correspondence, "Effective July 23, 2021 you will temporarily report to the Recreation Department while this matter is addressed."

92.     The Plaintiff was notified on October 28, 2021 that her allegations were sustained.  Despite this notification, the Plaintiff remains "temporarily" reassigned to a position without any certainty of her future.

93.     Plaintiff Valeri is being discriminated and retaliated against by the Defendants since they have failed to return her to the Senior Center position.

94.     Defendant, Township of Toms River received $10 million dollars in federal funds due to COVID.

95.     Defendant, Township of Toms River designated some of those federal funds to be distributed to those confidential employees that continued to work during COVID.

96.     Plaintiff Valeri worked as a confidential employee prior to being transferred to the senior center.

97.     Plaintiff Valeri is the only confidential employee for the Defendant, Township of Toms River that did not receive any additional compensation for working during COVID.

98.     Plaintiff Valeri is being retaliated against by the Defendants for her whistleblowing activity of reporting the inappropriate monitoring and use of the Toms River Township Senior Center funds.

99.     Upon information and belief, Defendant, JoAnn Benson has stated the Mayor, Maurice Hill does not want the Plaintiff, Linda Valeri to return to her position at the Toms River Senior Center as it will not benefit him politically.

100.    Plaintiff has had to seek medical treatment due to the abuse of the defendants.

101.    Upon information and belief, the Defendant, Township of Toms River is required to train managerial and supervisory personnel.

102.    Upon information and belief, the Defendant, Township of Toms River is required to certify to PERMA Risk Management Services that they have trained managerial and supervisory personnel yearly.

103.   Defendants Louis Amoruso and JoAnn Benson are managerial and supervisory personnel for the Defendant, Township of Toms River.

104.   Upon information and belief, the last training course taken by the Business Administrator, Defendant, Louis Amoruso was on November 29, 2018, through the Ocean County Municipal Joint Insurance Fund was Employee Conduct and Violence Prevention in the Workplace.

105.   Upon information and belief, the last training course taken by the Senior Center Director, Defendant,  JoAnn Benson was on April 11, 2017, through the Ocean County Municipal Joint Insurance Fund was Employee Conduct and Violence Prevention in the Workplace.

106.   Despite the prior lawsuit and the allegations reported by Plaintiff Valeri, Defendant, Township of Toms River has failed to provide training to Defendant, Benson.

## COUNT I
### *Violation of Federal Family and Medical Leave Act, 29 U.S.C.A. §§ 2601 to 2654,*

107.   Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

108.   Plaintiff Valeri's civil rights were violated by the behavior of Defendants when she utilized or attempted to utilize the Intermittent Family and Medical leave that was approved by the Defendant, Township of Toms River.

109.   Plaintiff is a member of a protected class.

110.   Plaintiff was performing her job at a level that met Defendant's legitimate expectations.

14

111.     Plaintiff has been employed for at least 12 months by the Defendant and has worked for at least 1,250 hours of service with such employer during the previous 12-month period.

112.     Defendant has interfered with, restrained, and/or denied Plaintiff the exercise of, or the attempt to exercise her rights, under the Federal Family and Medical Leave Act and has acted so as to prejudice the Plaintiff.

113.     Plaintiff has suffered damages as a result of the Defendant's violation of the FMLA.

**WHEREFORE,** Plaintiff demands judgment against Defendants upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit and such other relief as may be equitable and just.

### COUNT II
#### *Violation of New Jersey Family Leave Act, N.J.S.A. 34:11B-1 to -16*

114.     Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit and such other relief as may be equitable and just.

## COUNT III
### *Violation of New Jersey Conscientious Employee Protection Act*

115.    Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

116.    The removal of Plaintiff from the Senior Center was directly, solely and causally related to and in retaliation for her protected activity of disclosing information of the contributions made at the Senior Center as set forth above to Defendant, Amoruso.

117.    The disclosure of the above information constituted disclosures protected under New Jersey's Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et. seq.* ("CEPA").

118.    CEPA was designed to protect employee "whistleblowers".  Pursuant to CEPA, it is unlawful for employers to take adverse employment action against employees who disclose, object to, or refuse to participate in certain actions that the employee reasonably believes are either illegal or in violation of public policy.

119.    Plaintiff's change in position and failure to receive compensation as a confidential employee with the Defendant, Township of Toms River and Defendant, Toms River Senior Center was in direct violation of the provisions of CEPA.

120.    As a result of the wrongful conduct described above, Plaintiff has suffered and will continue to suffer severe economic and non-economic damages.  These damages include, but are not limited to, loss of past and future wages and benefits, diminution of pension benefits, loss of accrues and unpaid sick time and other economic losses. Additionally, Plaintiff has suffered various non-economic losses and damages including, but

not limited to, emotional distress as a result of the unlawful and retaliatory actions of the Defendants.

**WHEREFORE,** Plaintiff demands judgment against Defendants upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit and such other relief as may be equitable and just.

## COUNT IV
### Sexual Harassment Under New Jersey's Law Against Discrimination

121.    Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

122.    Defendants have discriminated against Plaintiff in violation of the New Jersey Law Against Discrimination by subjecting her to disparate treatment because of her gender and her age.

123.    Specifically, Defendant, JoAnn Benson made statements regarding the Plaintiff including "Pussy Posse" and as "Head of the Pussy Posse".

124.    As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the New Jersey Law Against Discrimination, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

125.    Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of the New Jersey Law Against Discrimination, was outrageous and

17

malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit, and such other relief as may be equitable and just.

## COUNT V
### Retaliatory Harassment Under New Jersey's Law Against Discrimination

126.    Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

127.    For the reasons set forth above, Defendants are liable to Plaintiff for retaliatory harassment in violation of the Law Against Discrimination.

**WHEREFORE,** Plaintiff demands judgment against Defendants upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit, and such other relief as may be equitable and just.

## COUNT VI
### Reprisal Under New Jersey's Law Against Discrimination

128.    Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

129.    For the reasons set forth above, the Defendants conduct constitutes retaliation under the Law Against Discrimination and renders them liable to plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendants upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit, and such other relief as may be equitable and just.

## COUNT VII
### *Violation of New Jersey's Civil Rights Act, N.J.S.A. 10:6-1 to -2*

130.    Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

131.    Defendants have deprived the Plaintiff of substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States.

132.    Defendants have deprived the Plaintiff of substantive rights, privileges or immunities secured by the Constitution or laws of the State of New Jersey.

133.    Defendant has interfered with Plaintiff's exercise or enjoyment of substantive rights, privileges or immunities by threats, intimidation, or coercion.

134.    Defendant acted under color of state law at all times mentioned herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit, and such other relief as may be equitable and just.

## COUNT VIII
### Deprivation of Federally Protected Rights under 42 U.S.C.A. §1983

135.    Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit, and such other relief as may be equitable and just.

## COUNT IX
### Deprivation of Federally Protected Rights under 42 U.S.C.A. §1983  – Monell claim

136.    Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

137.    Defendant, Township of Toms River is liable for the deprivation of Plaintiff's federally protected rights, as described in the foregoing Causes of Action.

138.    At all relevant times, the Defendant, Township of Toms River was responsible for the training of all employees in the Township of Toms River in, inter alia, the proper use of the FMLA, the NJFLA,  and prevention of discrimination pursuant to the Law Against Discrimination.

139.    Defendants have repeatedly and knowingly failed to enforce the laws of the United States, the State of New Jersey and the regulations of the Township of Toms River, thereby creating an atmosphere of lawlessness, whereby actions on violation for the law set forth herein  are condoned and justified by their superiors.

140.    At the time of the incident described above, Defendants had developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the Township of Toms River.

141.    It was the policy and/or custom of the Township of Toms River and the other Defendants herein to inadequately and improperly supervise and train its employees and to inadequately and improperly investigate complaints made by employees.

142.    As a result of the above-described policies and customs, managers such as Defendant, JoAnn Benson believed that their actions would not be properly monitored by supervisory personnel and that misconduct in connection with employment matters would not be investigated or sanctioned but  - would be tolerated.

143.    By reason of the aforesaid violation of  Plaintiff Valeri's rights, Plaintiff is entitled to recover damages under 42 U.S.C. § 1983.

**WHEREFORE,** Plaintiff demands judgment against Defendant, Township of Toms River upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit, and such other relief as may be equitable and just.

**COUNT X**
***Defamation***

144.    Plaintiff hereby incorporate, in their entirety, each and every paragraph contained in this complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

145.    Defendant, JoAnn Benson in her individual capacity, made false statements about Plaintiff, Valeri.

146.    Defendant, JoAnn Benson made false statements to third parties regarding Plaintiff, Valeri.

2117  Document 1  Filed 04/12/22  Page 22 of 23 PageID: 22

147.    Defendant, JoAnn Benson made these defamatory statements about the Plaintiff, Valeri to humiliate, and embarrass her.

148.    Plaintiff suffered damages as the result of Defendant, JoAnn Benson's statements.

**WHEREFORE,** Plaintiff demands judgment against Defendant, JoAnn Benson in her individual capacity upon her claim for compensatory damages, punitive damages, attorney's fees, costs of suit, and such other relief as may be equitable and just.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, notice is hereby given that Tracy Riley, Esquire and Michael Riley, Esquire are designated as trial counsel for the within matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1

The undersigned, an attorney at law in the State of New Jersey, hereby certifies that, to the best of my present knowledge, the within matter is not the subject of any other actions or arbitration proceeding, nor are any such other actions or arbitration proceedings presently contemplated in this matter.

## NOTICE OF LITIGATION HOLD

The parties are hereby required to preserve all physical and electronic information that may be relevant to the issues to be raised, including but not limited to, Plaintiff's employment, Plaintiff's cause of action, request for relief, to any defenses to same, and pertaining to any party,

22

including but not limited to, electronic data storage, close circuit tv footages, digital images, computer images, cache memory, searchable data, emails, spreadsheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including but not limited to, Facebook, Twitter, Linkedin, etc.) and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

Failure to do so may result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

The obligation to preserve evidence begins when a party knows or should have known that the evidence is relevant to future or current litigation.  You are on notice of litigation and therefore have an obligation to suspend your routine document retention/destruction policy and put in place a "litigation hold" to ensure preservation of relevant documents."

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all of the triable issues of this complaint, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

Respectfully submitted,

**LAW OFFICES OF RILEY & RILEY**

Tracy L. Riley, Esquire

Michael E. Riley, Esquire

Dated: 4\12\22