# EXHIBIT D

**From:** Tara Lewczak <TLewczak@tomsrivertownship.com>
**Sent:** Thursday, October 28, 2021 2:40:01 PM
**To:** Lynda Valeri <LValeri@tomsrivertownship.com>
**Subject:** Complaint Conclusion

Hi Lynda,

Please see attached letter and back up documentation.

Please sign the anti-retaliation memo and return it to me at your earliest convenience.

Thank you,

Tara Lewczak

Personnel Division Manager

Human Resource Officer

Township of Toms River

732-341-1000, Ext. 8702

---

4 attachments

- Valeri Complaint Conclusion Letter.pdf
  64K
- Valeri Benson HWE Investigation.pdf
  110K
- V1 C.10 Whistle Blower Policy 2014-2016.pdf
  166K
- V1 C.11 Employee Complaint Policy 2014-2016.pdf
  304K



**TOWNSHIP OF TOMS RIVER**
33 Washington Street
Toms River, NJ 08753

**TARA LEWCZAK**
Personnel Division Manager

**DIVISION OF PERSONNEL**
732-341-1000 x8702
tlewczak@tomsrivertownship.com

October 28, 2021

Lynda Valeri

Re: Complaint Conclusion

Dear Lynda,

This letter and the attached report summarizes the results of the Township's investigation relative to your complaint against your Supervisor, Joann Benson.

Your allegations are sustained.

The Township takes such actions very seriously and will not tolerate inappropriate behavior in the workplace. Appropriate action will be taken to correct the behavior of your Supervisor, Ms. Benson.

Please see attached anti-retaliation memo. Should you feel any form of retaliation occurs, report it immediately so that it can be addressed quickly.

If you have any questions or require further information, please do not hesitate to contact me at 732-341-1000 x8702 or tlewczak@tomsrivertownship.com.

Sincerely,

*Tara Lewczak*
TARA LEWCZAK
*Personnel Division Manager*



# TOWNSHIP OF TOMS RIVER
# MEMORANDUM

Maurice "Mo" Hill, Mayor

**DIVISION OF PERSONNEL**
Tara Lewczak
732-341-1000, ext. 8702
tlewczak@tomsrivertownship.com

**TO:** Lynda Valeri

**FROM:** Tara Lewczak, Division of Personnel

**DATE:** 10/28/2021

**SUBJECT:** Benson Complaint

This letter is intended to advise you that the investigation into Lynda Valeri's complaint has been completed, and to make you aware of the Township's anti-retaliation policies. ( V1 C10 & V1 C11 Attached)

If at any time you feel you have been retaliated against for your cooperation in this investigation you are to notify the Personnel Office *immediately*.

Please review the attached policy and sign this form acknowledging that you understand your rights and responsibilities under these policies.

Should you have any questions regarding this matter, please do not hesitate to contact our office.

SIGNED: _____  DATE: _____
LYNDA VALERI

SIGNED: _Tara Lewczak_ (signature)   DATE: 10/08/21
TARA LEWCZAK

*CC*: Lou Amoruso, Business Administrator

Page 1

# CITTA, HOLZAPFEL & ZABARSKY

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
248 WASHINGTON STREET
TOMS RIVER, NEW JERSEY 08753
(732) 349-1600
Fax: (732) 349-0792
-Founded 1934-
www.cittaholzapfelzabarsky.com

JOSEPH A. CITTA
(1934-2009)

JAMES W. HOLZAPFEL
Member NJ & FL Bars

STEVEN A. ZABARSKY

E. DAVID MILLARD
(of Counsel)

BRIAN K. WILKIE

BARRY A. STIEBER

RONALD F. DeLIGNY
(of Counsel)

MATTHEW A. LEAHEY
(1977-2005)

JOHN J. MERCUN
(1976-2015)

October 27, 2021

Louis Amoruso
Business Administrator
Toms River Township
33 Washington St.
Toms River, NJ 08754

**Re:  In Re Joanne Benson; Hostile Work Environment Complaint**

Dear Mr. Amoruso,

Attached hereto, please find the results of my fact-finding action in regards to the above-referenced matter. Per your request, I have gathered this information in an effort to determine what occurred, whether the actions that occurred could be actionable, and my recommendations for proceeding. Please do not hesitate to contact me regarding this matter if you have any questions, comments, or concerns.

Thank you for your kind attention to this matter. I remain

Respectfully Yours,

*Brian K. Wilkie*

Brian K. Wilkie, Esq.

# CITTA, HOLZAPFEL & ZABARSKY

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
248 WASHINGTON STREET
TOMS RIVER, NEW JERSEY 08753
(732) 349-1600
Fax: (732) 349-0792
-Founded 1934-
www.cittaholzapfelzabarsky.com

JOSEPH A. CITTA
(1934-2009)

JAMES W. HOLZAPFEL
Member NJ & FL Bars

STEVEN A. ZABARSKY

E. DAVID MILLARD
(of Counsel)

BRIAN K. WILKIE

BARRY A. STIEBER

RONALD F. DeLIGNY
(of Counsel)

MATTHEW A. LEAHEY
(1977-2005)

JOHN J. MERCUN
(1976-2015)

## MANNER OF INVESTIGATION

1. I am an attorney with the law firm of Citta, Holzapfel & Zabarsky, appointed as labor counsel for Toms River Township. In the course of my duties as a labor counsel, I was requested to perform an investigation into an allegation of sexual harassment by an employee of Toms River Township, against another employee of Toms River Township.

2. This investigation is being performed in comport with the Township's policies prohibiting sexual harassment and hostile work environments.

3. Toms River Township is committed to conducting an impartial and thorough investigation of such complaints.

4. The interviews are necessary to allow the undersigned to conduct a thorough investigation.

5. The investigation will proceed and the outcome will be based on evidence gathered from interviews and documents and inferences which may be drawn from that evidence.

6. I advised each witness they would not be retaliated against based upon information learned from this interview.

7. I advised each witness that I was not representing their interests, or advocating on their behalf.

8. I advised each witness that they had the opportunity to have a union representative if applicable) or attorney present immediately or at any time during the interview, but that they were not required to have either present if they felt it was unnecessary.

9. I advised each witness that confidentiality was critical to ensure that the investigation is through, fair, and unbiased. I asked each witness to not discuss our interview with other employees. I advised each witness that while I cannot promise that anything they said to me will be kept confidential, information will be shared on a need to know basis. I explained that I would be writing a report upon completion of my investigation, which

may contain their names and the statements made by them during our interview. I also advised them that a copy of my report would be delivered to the Township Administration.

# CITTA, HOLZAPFEL & ZABARSKY

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
248 WASHINGTON STREET
TOMS RIVER, NEW JERSEY 08753
(732) 349-1600
Fax: (732) 349-0792
-Founded 1934-
www.cittaholzapfelzabarsky.com

JOSEPH A. CITTA
(1934-2009)

JAMES W. HOLZAPFEL
Member NJ & FL Bars

STEVEN A. ZABARSKY

E. DAVID MILLARD
(of Counsel)

BRIAN K. WILKIE

BARRY A. STIEBER

RONALD F. DeLIGNY
(of Counsel)

MATTHEW A. LEAHEY
(1977-2005)

JOHN J. MERCUN
(1976-2015)

**ATTORNEY-CLIENT PRIVILEGED**

**MEMORANDUM**

To:     Louis Amoruso, Business Administrator

From:   Brian K. Wilkie, Esq.

Date:   September 24, 2021

Re:     **In Re Joanne Benson and Linda Valeri**

This office was requested to conduct an initial investigation into allegations of sexual harassment at Toms River Township.

The complainant, Linda Valeri, an office manager at the Toms River Senior Center, levied a number of complaints against her superior, Joanne Benson, Director of the Toms River Senior Center. Ms. Valeri could be considered a direct subordinate of Ms. Benson, and both reflected that they had a significant amount of interaction daily with one another. In light of these complaints, Ms. Valeri was moved to the Toms River Recreation Department on an interim basis.

In a typed complaint dated July 20, 2021, Ms. Valeri listed ten instances (encompassing both specific events, and more general workplace temperament issues) where she felt as though Ms. Benson's attitude and demeanor had exceeded the normal, healthy bounds of a work environment, thereby causing stress, anxiety, and unhappiness. Ms. Valeri alleges that this sentiment is pervasive throughout the workplace. The itemized list is attached hereto.

Toms River Township Administration took action to accommodate the concerns of Ms. Valeri pending this investigation, specifically by immediately moving her to the Toms River Township Recreation Department, where her duties were substantially similar, and the terms and conditions of her employment were identical.

## Phone Interview of Complainant Linda Valeri - 27 August, 2021

Ms. Valeri was interviewed in the above fashion, on the above date. She reiterated the items reflected in her drafted complaint (see attached). Speaking broadly, Ms. Valeri described the work environment as intimidating, anxious and unhappy, due primarily to Ms. Benson's attitude, demeanor, and actions. She identified the following behaviors as being prevalent in interactions with Ms. Benson: demeaning nature, rude, interrupting, unwilling to work collaboratively with others, or to permit coworkers to work collaboratively amongst each other. Ms. Valeri additionally noted that the feelings described above are shared by many of her coworkers, though she felt as though none were willing to come forward due to fear of retaliation.

Ms. Valeri noted a series of incidents where Ms. Benson referred to Ms. Valeri as being a part of a "pussy posse," a reference apparently to the female anatomy, and in regards to Ms. Valeri's former assignment within Toms River Township. Ms. Valeri noted that this statement was never said directly to her, but that coworkers reflected to her what was stated. Ms. Valeri further reflected that apparently part-and-parcel to these statements, Ms. Benson would on occasion provide pictures from social media of Ms. Valeri to whomever she made the statements to.

Ms. Valeri indicated this was the first complaint she had lodged regarding Ms. Benson. She advised she did not want to file the complaint, but that she was at "wit's end." She reported that there have been no further issues, though she maintains concerns about retaliation from Ms. Benson.

Ms. Valeri provided a list of witnesses. Per her indication, four witnesses could act as fact witnesses to the "pussy posse" incident, and the other witnesses could provide statements as to the timbre of the work environment.

Regarding what she would find to be a satisfactory resolution, Ms. Valeri indicated that all she wanted was for a more harmonious work environment which didn't include the hostility she articulated in her complaint and in our interview. She did not indicate that she believed Ms. Benson should have severe action taken against her employment status. When asked about whether she felt as though she should return to the Senior Center or whether she would like to stay in the Recreation Department, she advised she had a slight preference for the Recreation Department, but expressed concern over whether or not it was "feasible."

## Phone Interview of Respondent Joann Benson - 7 September, 2021

Ms. Benson was interviewed in the above fashion, on the above date. Ms. Benson was advised that complaints had been filed against her in regards to a Hostile Work Environment. Ms. Benson spoke sparsely on the complaints. She acknowledged the incidents generally, but minimized/ downplayed any alleged hostility. She acknowledged that she would criticize employees in a sometimes public manner in an effort to address performance issues right away, and not as a way to simply belittle and embarrass them. She did not feel as though she was abrasive in her attitude and demeanor.

Ms. Benson freely acknowledged that she had referred to Ms. Valeri in context to a "pussy posse," but similar to Ms. Valeri, advised it had only been done in the presence of third parties, and not ever stated directly to or while in Ms. Valeri's company.

In the course of her interview, Ms. Benson made a concerning statement that should be brought to the attention of Township Administration; to wit: "I prefer to hire men." She elaborated that she felt as though there was natural conflict between her and many of her employees, as most of her employees are sent to her from other departments, and that "all of [her] hires are fine with [her]." Ms. Benson acknowledged that she would not take any retaliatory action against Ms. Valeri.

**Findings and Recommendations**

Toms River Township maintains a policy against the creation, fostering, or toleration of a hostile work environment for any of its employees. This policy requires a thorough and fair investigation by an unbiased party when a hostile work environment is alleged. Toms River Township recognizes its legal duty to provide for this investigation.

Ms. Benson maintains a relatively clear employment history when viewed in its 35 year scope. I am in receipt of a complaint from 2017 that describes similar unpleasant and rude behavior as Ms. Valeri describes, though I have no indication formal discipline occurred. Additionally, I am in receipt of a complaint from 2019 and other supporting documentation that indicate Ms. Benson had been disciplined for potential HWE-type actions, similar to--though unequivocally more egregious-- than described by Ms. Valeri. Accordingly, this matter should be viewed at least as a second offense.

While I had begun to schedule/ plan out the interviews of the witnesses, the facts were susbtantively confirmed by all parties, obviating the need for exterior confirmation, and streamlining fact-finding. The facts also provide for a "bright line" in terms of a legal determination.

A legally actionable "hostile work environment" pusuant to the NJ Law Against Discrimination necessitates that a worker be harassed, bullied, intimidated, treated disparately, etc., based upon their status within a protected class (age, sex, race, veteran status, etc.), to the extent that the terms or conditions of their employment have substantially changed. NJLAD is, notably, not a general civility statute, meaning people are legally permitted to be rude, unfair, mean, annoying, or to otherwise treat their coworkers/ subordinates poorly, provided that it is not predicated on a protected class status.

Thereby, even though I am compelled to believe Ms. Valeri's account of her interactions at face value, the vast majority of these complaints are not actionable, and are not indicative of legally defined harassment on their face. Most of these complaints are sufficient evidence that Ms. Benson is abrasive and rude at her place of employment. Most of these complaints may even indicate that Ms. Benson has poor managerial skills. However, most of these complaints provide no evidence of a hostile work environment as detailed in the New Jersey Law Against Discrimination, when viewed independently.

Specifically, ¶ 1 through ¶ 7, ¶ 9 and ¶ 10 of Ms. Valeri's complaint are not actionable on their face pursuant to NJLAD, the ADA, and the ADEA.

I would highlight two areas of concern that do arise. The "pussy posse" statement reflected in ¶ 8 and confirmed by Ms Benson, in conjunction with Ms. Benson's unprompted statement that she only liked to hire men, does provide circumstantial evidence that her interpersonal skills, and perhaps her hiring practices, are affected by the gender of the employee. However, at this time, I am not investigating Ms. Benson's larger employment record. This may nevertheless be something Township Administration needs to investigate if Ms. Benson's employment and role as a supervisor are to persist. If more complaints arise, and/or additional evidence is uncovered of disparate treatment, with the defining characteristic of mistreatment being an employees' status in a protected class, then it would be my opinion that Ms. Benson's actions had violated the above-articulated statutes, and could be subject to dire employment consequences.

It is thereby my finding that Ms. Valeri's allegations are truthful and accurate, and are **sustained**. Further, they were substantively confirmed by Ms. Benson. However, most of these allegations do not run afoul of any particular law or employment policy, and are merely regrettable and/or unpleasant qualities to have in a coworker. It is my recommendation for all complaints but-for ¶ 8, that she receive an oral reprimand and encouragement to change her managerial style and improve her interpersonal relations.

As ¶ 8 represents at least a second iteration of concerning conduct related to a Hostile Work Environment, I would recommend the following discipline for Ms. Benson:

- a written reprimand;
- additional training/ education in context to a hostile work environment;
- a period of suspension in comport with the policies and procedures of Toms River Township.

The Township is not limited to these recommendations, and may elect to take more or less severe action as Township Administration deems reasonable and prudent.

Ms. Valeri, who herself acknowledged that all she wanted was a work environment that was not hostile, should be permitted to either return to the senior center in her prior capacity, or to stay in the recreation department in a substantially similar role. She should experience no changes in her compensation, or the terms/ conditions of her employment.

All parties should be advised to not retaliate against one another, and that any retaliation is grounds for termination.

I would be remiss if I didn't address Ms. Benson's statement as to her hiring practices. Her statement regarding her hiring practices, if verified, could be grounds for drastic action against her employment status, up to and including termination. If Ms. Benson were to resign or retire before such an investigation could occur, the matter should be considered moot.

## Conclusion

For the foregoing reasons, the above is my recommendation. Ms. Benson should address her managerial style, and take great care in not engaging in any additional patterns of conduct that are or could be construed to be legally hostile.

**Township of Toms River** — RULES AND REGULATIONS / POLICIES AND PROCEDURES

| VOLUME TITLE: | Effective Date: | Revision Date | Page # | Section | Approved | Volume |
|---|---|---|---|---|---|---|
| Employee Rights and Obligations | June 1, 2010 | | | | (signature) | V1 |
| | # Pages | | | | | Chapter |
| SUBJECT: | 1 | | | | | C10 |
| *"Whistle Blower" Policy | Reference | | | | | |
| | V1 C10 | | | | | |
| ISSUING AUTHORITY: | Evaluation Date: | March 2014 | | | (signature) | |
| Township Administration | | | | | | |

- **"Whistle Blower" Policy**

A) Employees have the right under the Conscientious Employee Protection Act (CEPA) to complain about any activity, policy or practice that the employee <u>reasonably believes</u> is in violation of a law, rule, or regulation promulgated pursuant to law without fear of retaliation or reprisal. This right shall be communicated to all employees in an annual letter outlining the specific employee complaint procedure and in a posted notice. A written acknowledgement that the employee received, read, and understood this letter will be included in the employee's personnel file. The annual notice shall be in English and Spanish and must contain the name of the person who is designated to receive written notification of polices or practices that might violate CEPA. This right will also be communicated in the Employee Handbook. All complaints will be taken seriously and promptly investigated.

B) The Township of Toms River shall not take any retaliatory action or tolerate any reprisal against an employee for any of the following:

- Disclosing or threatening to disclose to a supervisor, Department Head, the Business Administrator, or other official or to a public body, as defined in the CEPA (N.J.S.A. 34:19-1 et seq.) an activity, policy or practice that the employee reasonably believes is in violation of a law, a rule or regulation promulgated pursuant to law;

- Providing information to or testifying before any public body conducting an investigation, hearing, or inquiry into any violation of law, or a rule or regulation promulgated pursuant to law; or

- Objecting to, or refusing to participate in any activity, policy, or practice that the employee reasonably believes is a violation of a law, rule or regulation promulgated pursuant to law; is fraudulent or criminal; or is incompatible with a clear public policy mandate concerning the public health, safety, or welfare.

C) In accordance with the statute, the employee must bring the violation to the attention of the Business Administrator, Director of Human Relations, and/or their designee. However, disclosure is not required where (1) the employee is reasonably certain that the violation is known to one or more officials; (2) where the employee reasonably fears physical harm; or (3) the situation is emergent in nature. Employees are encouraged to complain in writing using the Employee Complaint Form, **but may make a verbal complaint at the employee's discretion.** (See Employee Complaint Policy.) Under the law, the employee must give the Township of Toms River a reasonable opportunity to correct the activity, policy or practice. The administration of whistle blower complaints is not subject to the limitations in the Grievance Policy.

**Township of Toms River**    RULES AND REGULATIONS / POLICIES AND PROCEDURES

| VOLUME TITLE: | Effective Date: | Revision Date | Page # | Section | Approved | Volume |
|---|---|---|---|---|---|---|
| ADMINISTRATION | June 1, 2010 | | | | *[signature]* | V1 |
| | # Pages | | | | | Chapter |
| SUBJECT: | 1 | | | | | C11 |
| *Employee Complaint Policy | Reference | | | | | |
| | V1 C11 | | | | | |
| ISSUING AUTHORITY: | Evaluation Date: | March 2014 | | | *[signature]* | |
| Township Administration | | | | | | |

- **Employee Complaint Policy**

A) Employees who observe actions the employee believe to constitute harassment, sexual harassment, or any other workplace wrongdoing should immediately report the matter to the employee's supervisor, or, if they prefer, or if they do not think that the matter can be discussed with the supervisor, the employee should contact the Department Head, the Business Administrator, the Division Manager of Human Resources or the Township Attorney. Reporting of such incidents is encouraged both when an employee feels that he or she is subject to such incidents, or observes such incidents in reference to other employees. Employees should report incidents in writing using the Employee Complaint Form, but may make a verbal complaint at the employee's discretion, which the Department Head or Business Administrator must document in writing. If the employee has any questions about what constitutes harassment, sexual harassment, or any other workplace wrongdoing, the employee may address the question to a supervisor or one of the individuals listed above. All reports of harassment, sexual harassment, or other wrongdoing will be promptly investigated by a person who is not involved in the alleged harassment or wrongdoing.

B) No employee will be penalized in any way for reporting a complaint. There will be no discrimination or retaliation against any individual who files a good-faith harassment complaint, even if the investigation produces insufficient evidence to support the complaint, and even if the charges cannot be proven. There will be no discrimination or retaliation against any other individual who participates in the investigation of a complaint.

C) If the investigation substantiates the complaint, appropriate corrective and/or disciplinary action will be pursued. Disciplinary action, up to and including termination of employment will also be taken against individuals who make false or frivolous accusations, such as those made maliciously or recklessly. Actions taken internally to investigate and resolve harassment complaints will be conducted confidentially to the extent practicable and appropriate in order to protect the privacy of persons involved. Any investigation may include interviews with the parties involved in the incident, and if necessary, with individuals who may have observed the incident or conduct or who may have other relevant knowledge. The complaining employee will be notified of a decision at the conclusion of the investigation within a reasonable time from the date of the reported incident.